**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARTHA PLAZA,** | Case No.: 14-CV-5430 YGR |
| **Plaintiff,** | **ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANT COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC FOR SUMMARY JUDGMENT** |
| **v.** | |
| **COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,** *et al.* | |
| **Defendants.** | |

Plaintiff Martha Plaza ("Plaza") brings this action against Defendants Comcast Cable Communications Management, LLC, et al., ("Comcast") alleging claims for: disability discrimination (Cal. Gov't Code § 12940(a)); failure to accommodate (§ 12940(m)); failure to engage in the interactive process (§ 12940(n)); failure to prevent discrimination (§ 12940(k)); retaliation (§ 12940(h)); age discrimination (§ 12940(a)); national origin discrimination (§ 12940(a)); race discrimination (§ 12940(a)); and wrongful termination in violation of public policy.  Comcast has filed a Motion for Summary Judgment on all claims except Plaza's claims for failure to accommodate and failure to engage in the interactive process, as well as seeking summary adjudication on Plaza's claim for punitive damages.

Having carefully considered the papers submitted, the arguments of the parties at the hearing, the admissible evidence,[1] and the pleadings in this action, and for the reasons set forth below, the Court **ORDERS** that the motion is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) the motion for summary judgment is **GRANTED** as unopposed with respect to Plaza's age, national origin, race discrimination claims, and retaliation claim (her Fifth, Sixth, Seventh, and Eighth claims);

---

[1]  As noted on the record, Comcast's objections, filed at the same time as but in a document separate from its reply brief, are **STRICKEN** as improperly submitted in violation of Local Rule 7-3(c).

1    (2); the motion is **DENIED** as to Plaza's claims for disability discrimination, wrongful

2    termination, and failure to prevent discrimination; and

3    (3) the motion is **GRANTED** as to Plaza's claim for punitive damages.

4    **I.    BACKGROUND**

5    In August of 2013, Plaintiff Martha Plaza injured her right shoulder, wrist, forearm, and

6    neck working as a Customer Account Executive II ("CAE II") in Comcast's Foster City office.  As

7    a result of the injury, Plaza had work restrictions preventing her from performing repetitive motions

8    with her right arm and shoulder, including restrictions on "keyboarding" for more than 30 minutes

9    of every hour.  One of the essential functions of Plaza's position as a CAE II was keyboarding to

10   enter information regarding customer accounts. (Defendant's Fact ["DF"] No. 1 and evidence cited

11   therein.)  Plaza stated that keyboarding normally occupied 74% of every hour on her job.  (DF 1.)[2]

12   Plaza returned to work initially without modifying any of her duties.  Two weeks later,

13   consistent with Comcast's "Transitional Duty Program" and her stated restrictions, Plaza was given

14   a modified, light duty schedule.  On October 21, 2013, Plaza was put on a leave of absence by

15   Comcast.  (DF 3.)  Comcast contends that it accommodated Plaza by putting her on a temporary

16   leave of absence since her condition had not improved to the point that she could perform the

17   keyboarding function of her job at the level she had performed it prior to her injury.  (DF 3, 4. )

18   Plaza provided periodic updates on her restrictions, but none of them showed a significant change

19   with respect to keyboarding.  (DF 4.)  In a certification submitted May 2014, Plaza's medical

20   provider requested additional leave of absence if Plaza's restrictions could not be accommodated.

21   (DF 5.)

22   In June 2014, Comcast's worker's compensation coordinator, Dawn Helbig, recommended

23   that Plaza be terminated and phoned Plaza to discuss that recommendation.  (DF 6.)  Helbig asked

24   Plaza if she felt there was any other job at Comcast she could perform consistent with her

25   restrictions, to which Plaza replied, "I don't know." (*Id.*)  Plaza also asked Helbig if Comcast could

26

27   _____

     [2]  Comcast's job description does not identify keyboarding as an essential function of the
28   CAE II position.  (Decl. Valdez, Exh A., Plaza Depo. at 91-93 and Exh. 8 thereto.)  Rather,
     Comcast manager Angelica Fregoso submitted a declaration indicating that "[g]enerally, CAEs are
     required to keyboard at least 75% of every hour that they work."  (Fregoso Decl. ¶ 4.)

United States District Court
Northern District of California

1   defer its decision until she had been given a Functional Capacity Exam to better understand her

2   limitations.  (DF 7.)  When Helbig told Plaza that no exam had been scheduled, Plaza replied that

3   she was waiting on approval from workers' compensation.  (DF 7.)

4        Concluding that Plaza's request was for an indeterminate extension of her leave of absence,

5   and that the Foster City store was in need of someone to fulfill the duties of the CAE II position,

6   Helbig recommended that Plaza be terminated.  (DF 8.)  Comcast Senior Director of Employee

7   Relations/HR Compliance, Sarah Stofferahn, approved Plaza's "administrative termination" of her

8   employment with Comcast as of June 14, 2014.  (*Id.*)

9   **II.   APPLICABLE STANDARD**

10       Summary judgment is appropriate when there is no genuine dispute as to any material fact

11   and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  Any party

12   seeking summary judgment bears the initial burden of identifying those portions of the pleadings

13   and discovery responses that demonstrate the absence of a genuine issue of material fact.  *Celotex*

14   *Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Material facts are those that might affect the outcome

15   of the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute as to a material

16   fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the

17   nonmoving party.  *Id.*

18       On an issue where the nonmoving party will bear the burden of proof at trial, as here,

19   the moving party can prevail merely by pointing out to the district court that there is an absence

20   of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 324-25.  If the moving

21   party meets its initial burden, the opposing party must then set out specific facts showing a

22   genuine issue for trial in order to defeat the motion.  *Anderson*, 477 U.S. 242, 250; *Soremekun v.*

23   *Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also* Fed. R. Civ. P. 56(c), (e).  On an

24   employment discrimination claim, to prevail at summary judgment, the employer must show either

25   that the plaintiff cannot establish one of the prima facie elements of the discrimination claim or that

26   there was a legitimate, nondiscriminatory reason for the adverse employment action.  *Dep't of Fair*

27   *Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011).

28

United States District Court
Northern District of California

When deciding a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun,* 509 F.3d at 984. Instead, the court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709 (9th Cir.2011).

**III.    DISCUSSION**

**A.    Disability Discrimination Claim**

In order to establish a *prima facie* case of disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code section 12940(a), Plaza must show that: (1) she suffers from a disability; (2) she is otherwise qualified to perform her job; and (3) she was subjected to adverse employment action, *i.e.* termination, because of her disability. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). With respect to the question of whether a person is qualified, FEHA, section 12940(a)(1), provides that, "where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties *even with reasonable accommodations* or cannot perform those duties in a manner that would not endanger his or her health or safety or the health or safety of others even with reasonable accommodations," the employer is not prohibited from terminating the employee. Cal. Gov't Code § 12940(a)(1) (emphasis supplied). The dispute here is focused upon whether Plaza was qualified to perform her job, with or without a reasonable accommodation.[3]

---

[3]  Under FEHA, Cal. Gov't Code § 12940(m), it is unlawful "[f]or an employer ... to fail to make reasonable accommodation for the known physical ... disability of an ... employee." Reasonable accommodation may include "[m]aking existing facilities used by employees readily accessible to, and usable by, individuals with disabilities… [j]ob restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." Cal. Gov't Code § 12926(n). Comcast did not move for summary judgment on Plaza's claims for failure to reasonably accommodate, and failure to engage in the interactive process to determine the feasibility of any accommodation. Those claims are not presently before the Court. However, under the circumstances presented here, the reasonable accommodation and interactive process inquiries bear on the question of whether Plaza was qualified for her position.

Comcast contends that Plaza was not qualified because could not perform the essential functions of her position or any other positions.  Moreover, even if Plaza could establish a *prima facie* of disability discrimination, Comcast can show that it had legitimate, non-discriminatory reasons for terminating her, since she could not perform the essential functions of her position and was seeking additional leave for an indeterminate period of time.

Plaza submits evidence sufficient to create a triable issue on the question of whether she was able to perform the essential functions of her position with a reasonable accommodation.  Plaza declares that she was able to, and did, perform the essential functions of her job with accommodation, and that she was put on leave despite being able to perform them.  (Plaza Decl. ¶¶ 9, 12, 24; Dominguez Decl. ¶¶ 5, 6 [chiropractor's evaluation was that Plaza could perform the essential functions of her position, but should not do prolonged keyboarding/data entry with her right hand].)  Plaza offers evidence indicating that her restrictions were limited to her right extremity only, that she could keyboard with her right hand with breaks, and she could keyboard with her left hand without restriction.  (Plaza Decl. ¶ 12; Dominguez Decl. ¶¶ 5, 6.)  She also offers evidence that her manager ordered a left-handed mouse as an ergonomic accommodation, but it was never actually provided to her, and that Helbig was not aware of the left-handed mouse.  (Plaza Decl. ¶ 7; Bacon Decl. Exh. G; Helbig Depo. at 69-71.)  Plaza further offers evidence her medical provider only recommended extending her leave of absence because Comcast would not consider other accommodations.  (Response to DF 5 and evidence therein, Dominguez Decl. ¶ 10.)  Finally, Plaza contends that the reason said she did not know what other positions she could perform was because Comcast had failed to engage in any interactive process with her to determine whether the accommodation of a different position would be possible.  (Response to DF 6.)

Based upon the Court's review of the evidentiary record, there are triable issues of material fact precluding summary judgment.  The motion for summary judgment on the disability discrimination claim is, therefore, **DENIED**.

**B.      Claims for Wrongful Termination and Failure to Prevent Discrimination**

Plaza's claims for wrongful termination and failure to prevent discrimination are contingent upon her disability discrimination claim.  Because the Court finds that there are triable issues of

1    material fact on the disability discrimination claim, summary judgment is likewise **DENIED** on the

2    wrongful termination and failure to prevent discrimination claims.

3            **C.**        **Prayer for Punitive Damages**

4          Punitive damages are available for violations of FEHA "where the defendant has been

5    guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).  Under California law, an

6    employer is not liable for punitive damages based upon the conduct of an employee unless the

7    employer: (1) had advance knowledge of the employee's unfitness and acted with "conscious

8    disregard of the rights or safety of others;" (2) authorized or ratified the wrongful conduct; or (3)

9    was personally guilty of oppression, fraud, or malice.  Cal. Civ. Code § 3294(b).  If the employer is

10   a corporation, "the advance knowledge and conscious disregard, authorization, ratification, or act of

11   oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the

12   corporation." Cal. Civ. Code § 3294(b).  In order to qualify as an "officer, director, or managing

13   agent of the corporation," the California Supreme Court has held that the corporate decisionmaker

14   must have "substantial discretionary authority over decisions that ultimately determine corporate

15   policy."  *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 577 (1999); *see also Gelfo v. Lockheed Martin*

16   *Corp.*, 140 Cal. App. 4th 34, 63 (2006) (no punitive damages in disability discrimination case

17   where there was no evidence that vice president who terminated employee was corporate

18   employer's "managing agent").  Merely having the power to hire and fire is not sufficient to

19   establish that an employee is a "managing agent."  *White*, 21 Cal.4th at 577.

20         Here, the only people involved with the decisions Plaza challenges were Stofferahn and

21   Helbig, neither of whom had substantial discretionary authority over decisions that ultimately

22   determine corporate policy.  Plaza concedes as much.  (DF 11 and response thereto.)

23         Instead, Plaza argues that Stofferahn and Helbig confirmed in their testimony that were

24   following Comcast's policy to prevent disabled employees from being accommodated for more

25   than 10 weeks, and such a policy is contrary to FEHA's mandates.  She contends that Comcast

26   made no attempt to accommodate her as required by FEHA.  Assuming that the testimony offered

27   by Plaza could establish that Comcast maintains such a policy (a fact disputed by Comcast), Plaza

28   offers no legal authority that would extend the availability of punitive damages against a corporate

employer beyond the limitations in section 3294(b) where an adverse employment action was taken based upon a corporate policy. *Gelfo*, 140 Cal. App. 4th at 63 (where no evidence was presented regarding vice president's duties, much less that he exercised substantial discretionary authority over decisions determining corporate policy, no jury could have made a finding that he was a managing agent, and court had no basis to grant directed verdict awarding punitive damages).

Consequently, the motion for summary judgment on the claim for punitive damages is **GRANTED**.

## V.     CONCLUSION

Accordingly, Comcast's Motion for Summary Judgment is: (1) **GRANTED** as unopposed with respect to Plaza's age, national origin, race discrimination claims, and FEHA retaliation claim (her Fifth, Sixth, Seventh, and Eighth claims); (2) **GRANTED** as to Plaza's claim for punitive damages; and (3) **DENIED** as to Plaza's claims for disability discrimination, wrongful termination, and failure to prevent discrimination.

This terminates Docket No. 26.

**IT IS SO ORDERED**.

Date: December 3, 2015

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California